J-S39020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID VAUGHIN CRANSHAW | |
| Appellant | No. 3610 EDA 2018 |

Appeal from the PCRA Order entered November 8, 2018
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0005779-1987

BEFORE:  GANTMAN, P.J.E., STABILE, J. and STEVENS, P.J.E.*

MEMORANDUM BY STABILE, J.:                **FILED OCTOBER 22, 2019**

Appellant, David Vaughin Cranshaw, appeals from the November 8, 2018 order entered in the Court of Common Pleas of Delaware County, dismissing as untimely his petition for collateral relief filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

As the PCRA court explained in its Rule 1925(a) opinion, in July 1986 Appellant was charged with Involuntary Deviate Sexual Intercourse (IDSI) and related sexual offenses after he paid a fifteen-year-old boy $150 to engage in oral sex.  Following entry of a negotiated plea, Appellant was sentenced in February 1988 to five to twenty years in prison followed by ten years'

---

* Former Justice specially assigned to the Superior Court.

probation. Appellant did not file a direct appeal from his judgment of sentence. On January 6, 1997, he filed a PCRA petition that was ultimately denied after a hearing. PCRA Court Opinion, 1/15/19, at 1-2.

Appellant was released in 2011 but was reincarcerated for violating terms of parole. He was released again in 2015 after serving his maximum jail sentence. At that time, he began serving his probationary sentence. *Id.* at 2. The Pennsylvania Department of Probation and Parole petitioned the court to add standard special conditions and optional conditions for sex offenders as conditions of Appellant's probation. The late Honorable James F. Nilon, Jr., convened a hearing on October 15, 2015, and ordered a psychosexual evaluation. Judge Nilon reconvened the hearing on October 22, 2015, following receipt of the evaluation. Counsel objected that the conditions were not part of Appellant's original negotiated plea. *Id.* (citing Notes of Testimony ("N.T."), 10/22/15, at 4). Judge Nilon responded:

> I think that the court has the authority to order his compliance with the special rules governing sex offenders as well as the optional sex offender rules or the extended sex offender rules as well[,] if the purpose would effectuate the goals of probation. I believe that given the contents of the psychosexual evaluation, I think the application of these rules would effectuate the goals of probation, and so accordingly, I'm going to order that [Appellant] comply with both the state sexual offender rules and the extended sexual offender rules, and [Assistant District Attorney], . . . as soon as you submit the order, I'll sign it and make it part of the record.

N.T., 10/22/15, at 5-6 (some capitalization omitted). The record reflects the order was docketed on November 4, 2015 and served that day on counsel for the Commonwealth and counsel for Appellant.

The docket also reflects the issuance of a bench warrant on November 22, 2016 for a violation of probation. As the PCRA court further explained, and as the docket confirms, Appellant appeared before Judge Nilon for a *Gagnon II* hearing on May 2, 2017, at which time Appellant contested the alleged violation. During that hearing, a probation and parole agent testified that he met with Appellant on November 4, 2015. PCRA Court Opinion, 1/15/19, at 3 (citing N.T., 5/2/17, at 3). The agent stated that he provided Appellant a copy of the rules and conditions for sex offenders during the November 4, 2015 meeting and that Appellant signed each of the twenty-one rules individually before adding his signature at the end of the document. *Id.* (citing N.T., 5/2/17, at 5-7). The agent explained that the *Gagnon* proceedings were precipitated by Appellant's violation of two of the conditions, *i.e.*, that Appellant was discharged from treatment and that Appellant was "chatting" on Facebook with a Hungarian man—the father of a young boy—for whom Appellant purchased young girls' underwear. *Id.* at 3-4 (citing N.T., 5/2/17, at 6). *See also* N.T., 5/2/17, at 31, 38-39 (Appellant acknowledging his signature on the notice of conditions and the purchase of girls' underwear for his Hungarian Facebook friend).

At the conclusion of the May 2, 2017 hearing, the court found Appellant in violation of the conditions of his probation. He was sentenced to 18 to 36 months in prison followed by two years of probation.

Appellant filed a notice of appeal on May 26, 2017. On June 2, 2017, he filed a *pro se* PCRA petition that was dismissed in light of the pending appeal. The appeal was withdrawn on July 17, 2017 and, on August 2, 2017, Appellant filed a PCRA petition. Appointed counsel filed an amended PCRA petition on May 8, 2018 in which there was no assertion of any exception to the PCRA's one-year time limitation.[1] At an October 16, 2018 hearing before the Honorable James P. Bradley, Appellant's counsel focused on what he termed "non-PCRA issues," *i.e.*, that the sentence imposed following the October 22, 2015 hearing was illegal because the court lacked jurisdiction to impose conditions of probation. On November 8, 2018, Judge Bradley dismissed Appellant's petition as untimely and, therefore, outside the court's jurisdiction pursuant to 42 Pa.C.S.A. § 9545. This appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant asks us to consider two issues in this appeal:

1. Whether the PCRA court erred in dismissing [Appellant's] PCRA claims due to lack of timeliness when [Appellant] only received

---

[1] The amended petition largely focused on assertions relating to the Sex Offender Registration and Notification Act ("SORNA"). In its response, the Commonwealth countered that any concerns regarding SORNA registration were premature because Appellant remained incarcerated. At the October 16, 2018 hearing, Appellant's counsel conceded the SORNA issues were not ripe for consideration. N.T., 10/16/18, at 5-6.

notice of Judge Nilon's 11/3/15 order formally imposing new conditions related to his probation on 12/14/16, in light of his first *pro se* filing of 2/7/17 that should have been construed as a PCRA that was filed within 60 days thereof?

2. Whether [Appellant's] current probation sentence imposed on 5/2/17 is wholly illegal since Judge Nilon on or after 10/22/15 possessed no lawful jurisdiction to modify the conditions of the original 2/29/88 sentencing order beyond 30 days after its entry?

Appellant's Brief at 4 (some capitalization omitted).

"On appeal from the denial of PCRA relief, our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007) (citations omitted). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). The one-year time limitation, however, can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[2]

We begin by addressing the timeliness of Appellant's petition, recognizing that "[t]he PCRA's time restrictions are jurisdictional in nature.

---

[2] Section 9545(b)(2) was recently amended to enlarge the deadline from sixty days to one year. However, the amendment applies only to claims arising on or after December 24, 2017.

Thus, [i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. ***See Commonwealth v. Stokes***, 959 A.2d 306, 310 (Pa. 2008) (consideration of ***Brady***[3] claim separate from consideration of its timeliness). Further, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999).

The PCRA court determined Appellant's PCRA claims were time-barred. We agree. At issue are the special conditions of probation that were imposed by Judge Nilon by order entered November 4, 2015. Appellant did not file an appeal from that order. Therefore, in accordance with 42 Pa.C.S.A. § 9545(b)(1), Appellant had until December 4, 2016 to file a timely PCRA petition. Appellant concedes he did not file his first *pro se* PCRA petition prior to December 4, 2016. Appellant's Brief at 15.

_____

[3] ***Brady v. Maryland***, 373 U.S. 83 (1963).

Appellant first filed a PCRA petition on February 24, 2017, asserting that he received documents listing the twenty-one special conditions at his *Gagnon I* hearing on December 13, 2016.[4] Even if he could demonstrate that receipt of the probation conditions in December 2016—despite a claimed exercise of due diligence—constituted an after-discovered fact under 42 Pa.C.S.A. § 9545(b)(1)(ii), the filing of that petition would still fall outside the sixty-day "grace period" of Section 9545(b)(2).

Appellant suggests that his first *pro se* filing on February 7, 2017 fell within that 60-day grace period. However, the February 7, 2017 filing was not a PCRA petition but was rather a Petition to Suppress Physical Evidence at his *Gagnon II* hearing. Even if it were considered a PCRA petition, Appellant did not plead or prove an exception to the PCRA's time bar in that petition but rather requested that evidence, including his computer, phone, and UPS shipping labels, be suppressed at his *Gagnon II* hearing. Further, Appellant's contention that he was unaware prior to December 13, 2016 of the special conditions of probation is belied by his admission that the signature on those conditions is his signature, dated November 4, 2015. N.T., 5/2/17, at 31.

_____

[4] As reflected above, the February 24, 2017 petition was dismissed in light of Appellant's pending appeal from the sentence imposed following the May 2, 2017 *Gagnon II* hearing. However, we discuss the February 24, 2017 petition because it was the first PCRA petition filed after imposition of the conditions of probation on November 4, 2015. If Appellant's earliest PCRA filing failed the timeliness requirements, any subsequent petition, including his petition filed on August 2, 2017, would likewise fail absent proof of one of the PCRA's timeliness exceptions.

Moreover, by virtue of the statements made at the October 15, 2015 hearing, Appellant was aware that Judge Nilon would be imposing new conditions of probation upon receipt of the psychosexual evaluation. *See* N.T., 10/16/18, at 9. Finally, Appellant was present when Judge Nilon stated at the October 22, 2015 hearing that he would sign the order with the new conditions as soon as he received it from the Commonwealth. In response, the prosecutor advised the court the order would be submitted the following Monday. N.T., 10/22/15, at 6-7. The order was signed and subsequently entered on the docket on November 4, 2015, the same day Appellant signed the conditions of probation. There can be no question that Appellant was aware of the new conditions of probation prior to December 13, 2016. Consequently, his petition did not comply with the PCRA's timeliness requirements and the PCRA court properly dismissed his petition as untimely.

Because Appellant's PCRA petition was untimely filed, this Court lacks jurisdiction to consider the merits, if any, of Appellant's claims. Therefore, we shall affirm the order of the PCRA court dismissing Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/19